# EMPLOYMENT AGREEMENT
# AND COVENANT NOT TO COMPETE

This Employment Agreement and Covenant not to Compete (hereinafter referred to as the "Employment Agreement" or "Agreement") is made and entered into this <u>01</u> day of <u>January</u> 2008, by and between Plan Express, Inc., a Delaware Corporation, hereinafter referred to as **"Employer"**, and **Bart Adamson**, hereinafter referred to as **"Employee"**;

Whereas, Employee is currently employed by Employer in the capacity of **Vice President of Product Development/Quality Assurance**. As of January 1, 2008 Employee's annual base compensation shall be increased to **$ 130,625.21**.

THEREFORE, for and in consideration of the premises aforesaid and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each party, it is agreed as follows:

1. **EMPLOYMENT:** Employer shall employ the Employee in the capacity and at the pay rate set out above, which may from time to time be adjusted at Employer's discretion. The Employee shall also be offered the customary benefits (i.e., group medical and dental insurance, group life insurance, etc.), and such other benefits as shall be established, modified or deleted from time to time by Employer. Employer shall pay all reasonable expenses incurred by Employee in the performance of his/her duties, provided that all such expenses shall be subject to Employer's approval.

   The Employer may from time to time change Employee's duties and may at any time, increase or decrease Employee's rate of pay. The Employer may, at any time, elect to terminate Employee's employment without cause at which time Employer will continue to pay Employee, as severance, the Base Salary for a period of six months following the date of termination and in addition, extending the exercise period of all vested options for an indefinite time period, with no change to the exercise price.

   Employee shall render such services and perform such duties as may be assigned by Employer, and will comply with and be bound by all Employer policies and operating and personnel procedures. It is understood that the precise services of Employee may be extended or curtailed at Employer's sole discretion.

2. **BEST EFFORTS OF EMPLOYEE:** During the term of this agreement, the Employee shall devote his/her full time and service to said employment with Employer and shall faithfully perform all duties normally incident to said employment. Employee shall not, during the term of hereof, be interested, directly or indirectly, in any manner, as a partner, officer, director, stockholder, advisor, consultant, employee or in any other capacity in any business similar to Employer's business, without first obtaining the written consent of Employer. All Employee's duties shall be performed in a manner consistent with all pertinent governmental laws, rules, and regulations, it being specifically understood that Employer does not condone any illegal activity whatsoever and that activity which contravenes any such

1

law, rule or regulation is completely unauthorized by Employer and entirely outside of the scope of Employee's employment.

Employee shall not engage in any business competitive with Employer's business without Employer's express, prior, written consent, and shall immediately discontinue any such competitive practices upon notification by Employer.

3. **CONFIDENTIAL AND PROPRIETARY INFORMATION:** The Employee acknowledges that Employer's customer information, customer lists, fee schedules, pricing, the information contained in any of Employer's manuals or other directives, the programs developed from time to time by Employer, and any and all information contained in Employer's files and reports prepared by Employee or other employees of the company and other proprietary information constitute valuable and unique assets of Employer's business which are confidential trade secrets, and that the disclosure of this information to unauthorized persons would cause Employer irreparable harm. The Employee covenants that he/she will not, either during or at any time after the termination of his/her employment with Employer, utilize any confidential or proprietary information, nor will he/she in any manner disclose, for any purpose, confidential or proprietary information to any person, business or other entity. Employee promises he/she will, upon termination of employment, promptly return all property of Employer, including, but not limited to, the following: sales manuals, samples, supplies, undelivered product, all papers, vendor literature, books, memoranda, files, customer lists, customer information buying reports, vendor lists, price lists, plans and any or all documents and data relating to Employer and its business. Employee further will not retain, or give to anyone else, any copies thereof.

4. **RESTRICTIVE COVENANTS:** In consideration of Employer entering into this employment agreement, the terms of which provide Employee with certain benefits and notice of termination provision different and more expansive than that to which Employee would normally be entitled, the parties agree as follows:

   A. <u>Introduction</u>. In connection with employment of Employee pursuant to this Agreement, Employer and Employee hereby agree that:

      1. Employee's service with Employer will result in frequent contact with customers, which will result in close relationships and the association of Employer's good will with the Employee;

      2. Employer's customer relationships are significant assets owned by the Employer and which are developed by a substantial investment of time, effort and expense;

      3. The identity of Employer's customers and contacts are not generally known by the public;

      4. Employer has a legitimate protectable interest in the identity of its customers and the method of operations of its business;

    5. Employee's skills are of a unique nature which will be further developed during Employee's employment with Employer; and

    6. Employer has legitimate interest in protecting its good will, customer list and relationships, and use of Employee's skills by means of enforcement of the restrictive covenants set forth in this section.

B. <u>Service and No Solicitation of Customer or Subcontractors</u>. Employee agrees that upon the termination of his/her employment with the Employer, whether such termination is with or without cause, he/she will not directly or indirectly (through partners, agents, employees, officers, directors, shareholders or any other persons or entity acting for Employee) for the period of two (2) years after the termination of his/her employment, service, solicit, contact or otherwise seek to induce any Active Customer for the purpose of providing, performing, coordinating, supervising or expediting reprographic projects for construction businesses in each and every state in which the Employer conducts business of the type and nature provided, performed, coordinated, supervised or expedited by Employer at the time of Employee's termination (hereinafter "Reprographic Services"). It is understood and agreed by the parties that Employer does business on a nationwide basis. For purposes of this provision, "Active Customers" includes those customers who were customers of Employer during the two (2) year period prior to such termination of Employee's employment. For purposes of this provision, "Customers" includes all those persons, businesses, partnership, corporations and or entities with whom Employer has contracted to provide Reprographic Services. Employee acknowledges that Employer has knowledge and/or access to the names of all Employers' Customers and, therefore, specifically agrees that this restriction applies to all Customers and not just those with which Employee has contact.

The parties furthermore agree that in the event any portions of this restrictive covenant were to be found overly broad, the parties affirmatively agree that a court of competent jurisdiction shall fashion the covenant in whatever way it feels, reasonable, enforceable, fair and consistent with the stated intentions of the parties, and that the parties, shall be bound by the court's determination.

C. <u>Disclosure of Information</u>. The Employee acknowledges that the list of the Employer's Customers, as the Employer may determine from time to time, is a valuable, special, and unique asset of the Employer's business. The Employee shall not, during and after the term of his/her employment, disclose any or all of the Employer's Customer list to any person, firm,

corporation, association, or other entity for any reason or purpose. For the purposes of this provision "Customers" includes all those persons, businesses, partnerships, corporations and/or entities with which Employer has contracted to provide Reprographic Services.

D. Non-Disparagement. The parties further agree that they will not disparage each other.

Employee acknowledges and agrees that compliance with the fair and reasonable covenants set forth in this section of this Agreement are necessary to protect the business and goodwill of Plan Express, Inc and that any breach of this Agreement, will result in irreparable and continuing harm to Plan Express, for which money damages may not provide adequate relief. Accordingly, in the event of any breach or anticipatory breach of this Agreement by Employee, Employer and Employee agree that Plan Express, Inc., may be entitled to the following particular forms of relief as a result of such breach, in addition to any such breach or anticipatory breach, and Employee hereby consents to the issuance thereof, forthwith and without bond, by any court of competent jurisdiction which has personal jurisdiction over Employee; and (b) the prevailing party shall be entitled to recover all reasonable sums and costs, including attorney's fees, incurred by the prevailing party in such action.

E. Hold Harmless. Employee hereby releases Employer from any and all claims, known and unknown, asserted or unasserted, which Employee has or may have against Employer. Employee shall defend, hold harmless and indemnify Employer from and against all claims, actions, damages, liabilities, or losses, whether joint or several, to which Employee may have become subject which arise out of or are based upon actions taken within the scope of Employee's employment at Plan Express, Inc., for the benefit of his/her tenure. Employee further affirms he/she has been compensated and/or has received compensation, wages, bonuses, commissions, and/or benefits to which he/she may be entitled and that no other compensation, wages, bonuses, commissions and/or benefits are due to him/her for any work performed on behalf of Plan Express, Inc. up to this point in his/her employment. Employee affirms that he/she has no known workplace injuries or occupational diseases and has been provided and/or has not been denied any leave requested under the Family and Medical Leave Act or related state or local leave or disability laws.

F. Employee Acknowledgment. Employee acknowledges that no unreasonable harm will result to Employee from said restrictions in that Employee will reasonably be able to earn a livelihood without violating any of the above restrictive covenants. Furthermore, Employee acknowledges that the Employee's ability to earn a livelihood without

4

violating the restrictive covenants is a material condition of Employee's employment with the employer.

5. **REMEDIES:**

   A. Employee agrees that the covenants made by him in this agreement are of a special and unique nature and further that it will be inordinately difficult, if not impossible, to compute the amount of loss and damage to Employer by reason of any violation of such covenants and, furthermore, Employer will be irreparably damaged in the event of the actual or threatened breach of such covenants and, therefore Employer is without an adequate legal remedy in the event of such an actual or threatened violation. Employee, therefore, further agrees that in such event of an actual or threatened breach, Employer may seek specific performance of this agreement and a temporary restraining order, temporary injunction, and/or permanent injunction to restrain Employee from violating or restraining the Employee from disclosing, in whole or in part, the contents of any confidential, privileged, valuable, secret information of Employer. Further, Employee will not render any services to any person, firm, corporation, association, or other entity to whom such information, in whole or in part, has been disclosed or is threatened to be disclosed. In any such action instituted by Employer, any requirement that it show or establish an irreparable harm or injury shall be satisfied by the introduction and receipt of this agreement into evidence. Nothing herein shall prevent Employer from seeking any other remedy to which it may be entitled, including the recovery of damages. Employee agrees that, in the event Employee threatens to or actually breaches this agreement, Employee will pay Employer's attorneys fees and costs of enforcing this agreement.

   B. In the event of a violation by Employee of one or more of the covenants in this agreement, it is agreed that the terms of each such covenant so violated shall be automatically extended for a period of two (2) years from the later of (a) the date Employee ceases such violations, (b) the date of entry by a court of competent jurisdiction of a final order or judgment enforcing such covenant, or (c) the date these covenants would otherwise expire, whichever is longer.

6. **COMPLETE AGREEMENT:** Employer and Employee acknowledge that this document is the sole and complete agreement between the parties relating to the employment of the Employee by Employer, and that it supersedes any prior or contemporaneous agreement between the Employee and Employer or its predecessors in interest or subsidiaries.

7. **MODIFICATION OF AGREEMENT:** No waiver or modification of this agreement or any portion thereof shall be valid unless reduced to writing and signed by the Employee and a duly authorized officer of Employer. Failure of Employer at any time to require performance by the Employee of any provision expressed herein shall in no way affect Employer's right thereafter to enforce such provision.

8. **APPLICABLE LAW:** The parties to this agreement expressly agree that this Agreement was entered into the State of Tennessee and that the laws of the State of Tennessee shall govern the validity, construction, interpretation, and effect of this contract.

9. **VENUE:** The parties to this agreement expressly agree that any lawsuit which may be brought regarding the validity, enforcement or breach of this agreement must be filed in the state or federal court in Memphis, Shelby County, Tennessee.

10. **DRAFTING AND INTERPRETATION:** The parties to this agreement expressly agree that this agreement was jointly drafted by Employer and Employee, and that both parties had the opportunity to revise or modify such agreement. Therefore, should any ambiguities arise in the interpretation of this agreement, there should be no presumption favoring or disfavoring either Employee or Employer. This agreement supersedes all previous employment agreements signed by Employer and Employee.

11. **SEVERABILITY:** If any provision of this agreement shall be held unenforceable, illegal or invalid in any respect, the remaining provisions hereof shall not be affected by such unenforceability, illegality or invalidity, but shall remain in full force and effect and shall be construed as if such unenforceable, illegal or invalid provision had never been contained herein.

12. **NOTICES:** Any notices required or desired to be given under this Agreement shall be deemed given if in writing sent by certified mail, return receipt requested to the parties at the following addresses or to such other addresses as either may designate in writing to the other party:

    If to Employer:           PLAN EXPRESS, INC.
                              2147 Treasurer Drive
                              Memphis, Tennessee 38131
                              Attention: Human Resources

    If to Employee:           *Bart Adamson*
                              *135 S. York St #402*
                              *Elmhurst, IL 60126*

13. **WAIVER OF BREACH:** The waiver by one party of a breach of any provision of this Agreement by the other shall not operate or be construed as a waiver of any subsequent breach by the other party. No waiver shall be valid unless in writing and signed by the other party.

14. **ASSIGNMENT:** The Employee acknowledges that his/her services are unique and personal. Accordingly, the Employee may not assign his/her rights or delegate his/her duties or obligations under this Agreement. The Employer's rights and obligations under this Agreement shall inure to the benefit of and shall be binding upon the Employer's successors and assigns.

15. **ATTORNEYS FEES AND COST:** If the Employer commences legal action to enforce its rights pursuant to this Agreement, and prevails in said legal action it shall be entitled to recover its reasonable attorney fees and costs of litigation relating to said legal action, as determined by a court of competent jurisdiction.

16. **HEADINGS:** Headings in this Agreement are for convenience only and shall not be used to interpret or construe its provisions.

17. **THIS IS A LEGAL BINDING CONTRACT RESTRICTING EMPLOYEE'S FUTURE BUSINESS, WORK AND EMPLOYMENT OPPORTUNITIES. READ BEFORE SIGNING.**

If the provisions in paragraphs 3 and 4 should be determined by any court of competent jurisdiction to be unreasonable as to time, area or otherwise, Employer shall be entitled to enforce the provisions of said paragraphs for such period of time and within such area or under such other circumstances as the court determines to be reasonable.

EMPLOYEE: _[signature]_

DATE: 1/8/2008

EMPLOYER: PLAN EXPRESS, INC.
FINAL ACCEPTANCE AT
PLAN EXPRESS, INC. HEADQUARTERS IN
MEMPHIS, TENNESSEE

By: _[signature]_
DeWayne Adamson, CEO

DATE: 1/9/08

By: _[signature]_
Tom DeGreve, VP Operations

DATE: 1/9/08